Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000344
26-NOV-2012
08:12 AM

NO. CAAP-11-0000344


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROGER A. PAI, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-10-003203)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Roger A. Pai (Pai) appeals from the
"Notice of Entry of Judgment and/or Order and Plea/Judgment"
(Judgment), entered on March 21, 2011 in the District Court of
the Second Circuit, Wailuku Division (district court).[1]  The
district court convicted Pai of Count I:  Excessive Speeding, in
violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(2)
(2007)[2]; and Count II:  No Motor Vehicle Insurance, in violation
of HRS § 431:10C-104(a) (2005).[3]  The court sentenced him to pay
two $500 fines and various fees, and spend forty-eight hours in

_____

[1]     The Honorable Kelsey T. Kawano presided.

[2]     HRS § 291C-105(a)(2) provides, "No person shall drive a motor
vehicle at a speed exceeding . . . [e]ighty miles per hour or more
irrespective of the applicable state or county speed limit."

[3]     HRS § 431:10C-104(a) provides in relevant part that "no person
shall operate or use a motor vehicle upon any public street, road, or highway
of this State at any time unless such motor vehicle is insured at all times
under a motor vehicle insurance policy."

jail.   The court also suspended his driver's license for thirty days, effective March 22, 2011.

On appeal, Pai argues that the district court erred in admitting at trial evidence of the laser-gun reading used to cite him for Excessive Speeding, after Plaintiff-Appellee State of Hawai'i (State) failed to establish that (1) the laser gun, described at trial as the "LTI 20/20 UltraLyte" (alternatively, "UltraLyte" and "device"), was tested according to the manufacturer's recommended procedures and found to be working properly, (2) the nature and extent of Officer Mark Hada's (Officer Hada's) training in the use of the UltraLyte met the requirements indicated by the manufacturer, and (3) the UltraLyte had been inspected and serviced as required by the manufacturer. Pai asks this court to reverse his conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Pai's points of error as follows:

The district court did not abuse its discretion by admitting at trial evidence of the UltraLyte speed reading.  The State established that Officer Hada tested the device according to the manufacturer's recommended procedures.  See State v. Assaye, 121 Hawai'i 204, 212, 216 P.3d 1227, 1235 (2009).  In his testimony, Officer Hada stated that according to the manufacturer's recommendations, he was required to conduct a self test, display test, scope alignment test, and delta distance test on the UltraLyte.  His August, 2010 training on how to conduct the tests was consistent with the instructions in the LTI-printed manual that came with the device (the manual).  He conducted the tests in compliance with the manufacturer's recommended standards on the day of the incident, prior to issuing Pai a citation. According to the tests, the device was working properly.

The State showed that Officer Hada had "personal knowledge" of the manufacturer's recommendations regarding the testing of the UltraLyte.  See Assaye, 121 Hawai'i at 213, 216

P.3d at 1236 (discussing <u>State v. Manewa</u>, 115 Hawai'i 343, 354, 167 P.3d 336, 347 (2007)). The officer testified that he knew he tested the device in accordance with the manufacturer's recommended procedures because he read the manual.

The State established that Officer Hada was trained in the operation of the UltraLyte according to the manufacturer's requirements. See <u>Assaye</u>, 121 Hawai'i at 215, 216 P.3d at 1238. Officer Hada testified that he read the manual. In August, 2010, he received instructor training in a three-day class taught by Bob Lung (Lung), a retired police officer and law enforcement liaison with the Hawai'i State Department of Transportation, who had been trained by LTI in 1992 as an instructor and certified through LTI since then. LTI created the information that was handed out at the class. In his training, Officer Hada learned how to properly test and operate the UltraLyte according to the manufacturer's recommended standards. As a result of his training, he was LTI-certified in the use of the UltraLyte.

Officer Hada's 1998 training in how to use the LTI 20/20 Marksman is irrelevant to the district court's admission of the speed reading evidence obtained using the UltraLyte. Further, Pai cites to no authority suggesting that the State was required to submit proof that Lung was LTI-certified, and we find none.

Pai provides no authority to support the notion that the State was required to establish specifically that the UltraLyte was inspected and serviced as required by the manufacturer, and we find none. Pai cites to the concurrence in <u>Assaye</u> to support this point; but in that case, the majority did not require any showing of inspection and service as required by the manufacturer but only that the citing officer had "personal knowledge" of the contents of the manufacturer's recommended procedures and that the laser gun had been tested according to the those procedures. <u>Assaye</u>, 121 Hawai'i at 212, 215, 216 P.3d at 1235, 1238.

Given the foregoing, and considering the evidence in the light most favorable to the State, there was substantial evidence that Pai committed Excessive Speeding. State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on March 21, 2011 in the District Court of the Second Circuit, Wailuku Division is affirmed.

DATED: Honolulu, Hawai'i, November 26, 2012.

On the briefs:

Jason Z. Say,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Associate Judge

Associate Judge